AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Daniel Page Adams | ) | Case No.      1:21-cr-84 |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

❏ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ❏ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ❐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ❐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

   ❐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

   ❐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

   **OR**

   ❐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

**A.**  After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

   ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

   ❐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

**B.**  In addition to any findings made on the record at the hearing, the reasons for detention include the following:

   ☑ Weight of evidence against the defendant is strong
   ❐ Subject to lengthy period of incarceration if convicted
   ❐ Prior criminal history
   ❐ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❏ History of violence or use of weapons
❏ History of alcohol or substance abuse
❏ Lack of stable employment
❏ Lack of stable residence
❏ Lack of financially responsible sureties
❏ Lack of significant community or family ties to this district
❏ Significant family or other ties outside the United States
❏ Lack of legal status in the United States
❏ Subject to removal or deportation after serving any period of incarceration
❏ Prior failure to appear in court as ordered
❏ Prior attempt(s) to evade law enforcement
❏ Use of alias(es) or false documents
❏ Background information unknown or unverified
❏ Prior violations of probation, parole, or supervised release

## C.  OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

Mr. Adams states that he has a family, potential gainful employment, and a leadership role in his community. Mr. Adams argues that his limited prior criminal history favors his release. Mr. Adams contends that his involvement in the riots was a "middle-management" role at best and that he was not an instrumental leader or organizer among the rioters. Mr. Adams asserts that he is not a flight risk, citing thirty-two letters written in support of his good moral character and demonstrated connection to his community as evidence that he will comply with any conditions imposed upon his release.

Nature and circumstances of offense(s):

This factor weighs heavily in favor of detention. As Chief Judge Howell noted in *United States v. Barnett*, the title of the offense does not "properly capture the scope of what [Mr. Adams] is accused of doing here." The alleged offense is an attack on the foundation of our democracy. More troubling is that Mr. Adams is established as a leader in his community and is alleged to have taken a leadership role in the January 6 riots. Mr. Adams allegedly led a charge of rioters against law enforcement who were protecting the certification process for the 2020 election. During a confrontation at the Capitol, Mr. Adams was injured while assaulting law enforcement. Despite having the chance to stop on two occasions as police formed a protective line, and even after police fired rubber bullets, Mr. Adams was undeterred and led the charge up the stair. Mr. Adams entered the Capitol only 39 seconds after the first individual breached the building, leading hundreds to follow afterward.

The strength of the government's evidence:

The government's evidence is strong and weighs in favor of detention. U.S. Capitol surveillance cameras captured Mr. Adams in front of the mob of rioters. Mr. Adams posted videos and photos of himself assaulting officers and breaching the Capitol on social media. The government also has electronic communications showing Mr. Adams and his co-defendant planning their visit to the capitol leading up to January 6.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

This factor weighs in favor of release. The Court recognizes that Mr. Adams has been a pillar of his community in Texas and that he has little in the way of a prior criminal history. Mr. Adams submitted thirty-two letters in support of his release, which demonstrate that Mr. Adams loves his country and his community. The Court particularly commends Mr. Adams on his efforts on the front lines when hurricane Harvey hit the Texas Gulf Coast. Based on these letters, the Court finds Mr. Adams to be a dedicated family man, a supportive neighbor, and a respected professional.

The defendant's dangerousness/risk of flight:

The Court is concerned about Mr. Adams's dangerousness. He believed it was legitimate to try to forcibly alter the outcome of a democratic election. He may still hold this unfounded belief and act on it. The government has sought detention in the vast minority of the Capitol riot cases. However, they make a distinction here that people such as Mr. Adams who were managers / organizers and assaulted police are in one of the highest risk categories. Mr. Adam's false beliefs regarding the illegitimacy of the current government and pending obstruction of justice charges leads the Court to conclude that there are no conditions or combination of conditions that could prevent Mr. Adams from engaging in repeat insurrectionist and obstructive conduct. Thus, detention is warranted.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        02/16/2021                                2021.02.16 21:31:51 -05'00'

United States Magistrate Judge