UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 1:21-CR-0084-PLF |
| v. : | |
| : | |
| DANIEL PAIGE ADAMS : | |
| : | |
| **Defendant.** : | |

**OPPOSITION TO DEFENDANT'S MOTION
TO MODIFY CONDITIONS OF RELEASE**

The United States of America, through undersigned counsel, respectfully requests that this Court deny the defendant's motion to modify his release conditions to permit him to go bowhunting.

**Charges**

Daniel Paige Adams ("Adams" or "Defendant") is charged in this case with multiple felonies and misdemeanors: 18 U.S.C. § 231(a)(3) (Civil Disorder); 18 U.S.C. §§ 1512(c)(2) and (2) (Obstruction of Congress); 18 U.S.C. § 111(a)(1) (Assaulting Federal Officers); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building); 18 U.S.C. § 1752(a)(1) and (2) (Disorderly and Disruptive Conduct in a Restricted Building); 40 U.S.C. § 5104(e)(2)(D) (Violent Entry and Disorderly Conduct in a Capitol Building); 40 U.S.C. § 5104(e)(2)(E) (Impeding Passage Through the Capitol Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

**Facts**

In addition to the summary below, the government relies on the facts of the defendant's conduct during the attack on the U.S. Capitol set forth in several prior filings. *See* ECF 8 (Initial Indictment); ECF 12 (Memorandum in Support of Pretrial Detention); ECF 23 (Opposition to Defendant's Appeal to Pretrial Detention); ECF 25 (Superseding Indictment).

On January 6, 2021, Adams acted as one of the leaders of the mob. Adams and his co-defendant were at the head of a group of rioters who charged up the northern stairs on the West Front

of Capitol and confronted a line of Capitol Police officers. At that critical juncture, Adams began shouting to other rioters: "Let's go! Are you ready to push?" Adams then pushed his body against the officers' shields while continuing to rally the crowd by shouting "Let's go! Let's go!" The officers retreated up the stairs and reformed a line of defense, but Adams again led the charge by shouting commands to the crowd and breaching the line after mustering the crowd. Adams's assault against officers is captured on U.S. Capitol surveillance, and additionally, Adams recorded the assault himself

Having broken through two lines of officers, Adams, with blood trickling down his head from his confrontations, joined the rioters at the Senate Wing Door, which rioters breached moments later. Adams was one of the first rioters to enter the Capitol. Inside, Adams continued shouting: "This is the Capitol building. This is my house. This is my house."

## Procedural History

On January 16, 2021, the defendant was arrested in Texas. On February 11, 2021, the defendant had his initial appearance before Magistrate Judge Zia M. Faruqui in Washington, D.C. On February 16, Judge Faruqui ordered the Defendant detained. Judge Faruqui found that the Defendant's leadership role on January 6, 2021, the strength of the government's case, and the Defendant's stated doubts about the legitimacy of the United States government demonstrated that "there are no conditions or combination of conditions that could prevent Mr. Adams from engaging in repeat insurrectionist and obstructionist conduct." ECF 18.

On April 9, 2021, the Defendant appealed Judge Faruqui's detention decision to the District Court, who, over the government's opposition, granted the Defendant's request for pre-trial release subject to a number of conditions, including that the Defendant must not possess any weapons.

### Argument

### Applicable Authority

Under the Bail Reform Act, if a judicial officer determines that release under two standard conditions (not committing crimes and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1). In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(c)(1)(B). These conditions may include the condition that the person "refrain from possessing a firearm, destructive device, or other dangerous weapon." 18 U.S.C. § 3142(c)(1)(b)(viii).

In determining appropriate condition of release, the judicial officer considers (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; "(2) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release. 18 U.S.C. § 3142(g) ("there 3142(g) factors"). The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

### Adams' Motion for Modification Should be Denied

Adams is already subject to the least restrictive combination of conditions necessary to ensure the safety of the community. 18 U.S.C. § 3142(c)(1)(B). He is not on home detention, curfew, or GPS monitoring. Adams needs only to make weekly check-ins with Pre-Trial Services and comply with minor travel restrictions. These two limited conditions and the prohibition against him possessing any weapons place two relatively lenient conditions upon Adams, which together create the least restrictive combination of conditions require to mitigate the particular danger that he poses to community.

3

The Section 3142(g) Factors Favor Maintaining the Weapons Restriction

The 3142(g) Factors justify including the weapons restriction in Adams' conditions of release. Adams is currently charged with a slew of felonies and misdemeanors stemming from his conduct during the January 6 riot. Among these are felonies for assault of federal law enforcement officials who were actively trying to defend the Capitol against a mob that Adams was leading. Adams' role was not passive; he was not swept up in the crowd. He was at the front of the mob and was, in fact, encouraging and rallying the rioters as they broke through two separate police lines and ultimately entered the Capitol through the Senate Wing Door. Adams personally assaulted multiple officers during his charge up the stairs and through the Senate Wing Door. Adams was a leading participant in an assault on democracy, rallied the crowd on two occasions, and functioned as the tip of mob's riotous spear. The nature of his offenses suggest that Adams does pose a danger and warrants a weapons restriction.

The weight of the evidence against Adams is extremely strong. Adams recorded himself during his first assault against the officers on the stairs and was also captured on Capitol CCTV surveillance. Inside the Capitol, and a mere forty seconds after the first breach, he filmed himself chanting: "This is the Capitol building. This is my house. This is my house." His passage through the Senate Wing Door is also captured on video surveillance. The overwhelming weight of the evidence thus also supports maintaining the condition that Adams not possess any weapons.

Adams does not have a significant criminal history, but his conduct at the Capitol on January 6 strongly militates against him being able to possess a weapon. On that day, Adams showed himself to be a leader of violent criminal activity and not a mere follower or passive participant. He readily used violence to try to take power into his own hands to subvert democracy and undermine the legitimate processes of our government. Permitting a person who so quickly resorted to violence to possess any weapon creates a clear risk that he will engage in violent conduct again.

4

Finally, Adams' ability to possess a weapon poses a danger to the community. Adams not only participated in a violent riot, he helped lead it up the stairs of the United States Capitol. Adams led an assault on democracy and the process the lies at the heart of the American system. It is difficult to conceive of someone who poses a greater threat to the community than someone who would readily assault police officers to stop the peaceful transfer of power between presidential administrations.

### Adams' Argument About His Need to Bow Hunt is Unpersuasive

In addition to failing to satisfy any of the requirements Section 3142(g) Factors, the defendant's arguments for why he needs to be permitted to personally engage in bowhunting are unpersuasive. The Defendant states that he is seeking modification purely for the practice of subsistence hunting but provides no reason to believe that he will face difficulty, financial or otherwise, acquiring food by other means. Even if the Defendant were to have financial difficulty acquiring food, there are other means available to him which do not require him to personally possess a weapon. First, by his own representation, the property on which the Defendant seeks to bow hunt is leased by his friends. There is no reason to believe that, for only this hunting season, he cannot request that his friends who lease the property provide him with game meat that they are able to obtain during their hunt. Second, there are other subsistence activities which are available to the Defendant, including fishing and trapping/snaring, that do not require him to personally possess weapons. Adams has thus failed to demonstrate why it is imperative for him to personally bow hunt rather than engaging in a reasonable alternative that does not require him to personally possess a weapon.

**Conclusion**

In his order permitting the Defendant to be released subject to specific conditions, Judge Friedman ordered that the Defendant not be permitted to possess "a firearm, destructive device, or *other weapon*." ECF 28 (emphasis added). Because of the Defendant's role in leading the violent and obstructionist conduct during the riot at the Capitol on January 6, 2021, his lack of showing as to why he must be permitted to engage in bow hunting, and the availability of other means of gaining sustenance for his family, the United States now requests that that condition of release be enforced and that the defendant's motion for modification of them be denied.

Respectfully submitted,

DATED: November 10, 2022                MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

                                By:     */s/ Sean P. McCauley*
                                        Sean P. McCauley
                                        NY Bar No. 5600523
                                        Assistant United States Attorney
                                        601 D Street NW
                                        Washington, DC 20579
                                        (202)252-1897
                                        Sean.McCauley@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 10th day of November 2022, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

*/s/ Sean P. McCauley*
Sean P. McCauley
Assistant United States Attorney