**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| **v.** | * | **Case No.: 1:21-cr-0084-PLF-2** |
| | * | |
| **DANIEL P. ADAMS** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY TO RESPONSE TO**
**MOTION TO MODIFY CONDITIONS OF RELEASE**

COMES NOW the Defendant by and through his attorney, Gary E. Proctor, and respectfully requests that this Honorable Court grant the modification requested herein, and in support of his motion states as follows:

1.    Defendant previously moved this Court to allow him to Bow Hunt.  ECF 62.  The The Government has now responded.  ECF 64.  This Reply follows.

2.    As both the defense and Government have noted, on April 9, 2021 this Court released Mr. Adams.  Among Mr. Adams' conditions of release, he was ordered to "not possess a firearm, destructive device, or other weapon." ECF at 28.

3.    Other than noting the seriousness of the charges, the Government adduces no evidence that allowing Adams to bow hunt will pose any threat to the community - - because they cannot.  Only the bucks and stags of south Texas face danger if the modification requested herein is granted.[1]  There is no threat posed to the community by Mr. Adams being in the woods with two of his closest friends.  As stated in the initial pleading, the *only* time Mr. Adams will have a bow in his hands is when he is at his friends' cabin.  Mr. Adams has kitchen knives at his home, a place pretrial regularly visits, and no-one is suggesting that those be

---

[1]   The undersigned has been a vegetarian for more than twenty (20) years and, as such, is not unsympathetic to the plight of the deer who are the subject of this motion.

removed.  Indeed, the very fact that Defendant contacted Pretrial to request this modification, filed a motion with the Court and patiently awaited the Government's response, clearly evinces his desire to remain within the confines of what this Court has laid out as conditions of release.  More than eighteen (18) months after his release, the Defendant has not put so much as a pinky toe wrong. To suggest that having access to a bow and arrows, 90 minutes from his house, on lawfully leased land somehow endangers anyone, strains credulity.  The bow will stay at the cabin and pretrial will have advance notice of Mr. Adams' trip.

4.     By the same token, the Government also suggests that he can ask his friends for meat.  Defendant should not be forced to beg others to do something he can do himself.  Nor is it for the Government to suggest alternate methods of procuring meat.[2]

5.     Even Pretrial does not oppose this request and, instead, defers to the Court. The undersigned has absolutely no objection to the Court calling his pretrial officer in Texas to inquire as to Mr. Adams' compliance.


WHEREFORE, the Defendant prays this Honorable Court sign the previous Proposed Order and amend Mr. Adams' conditions of pretrial release.

---

[2]   In ECF 64 the Government states Adams has "failed to demonstrate why it is imperative for him to personally bow hunt."  There are a couple of things to say about this.  Firstly, there is no standard under the law that anything be imperative, in order for the Court to grant it. Secondly, Mr. Adams as the Court may recall, is an independent contractor.  His current contract of employment has ended and he is without income.  That said, he has a job interview as soon as the middle of next week.

Respectfully submitted,


_____/s/_____
Gary E. Proctor (Bar No. MD27936)
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 (tel.)
(443) 836-9162 (fac.)
garyeproctor@gmail.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, November 10, 2022 a copy of the attached was served on all parties via ECF.


_____/s/_____
Gary E. Proctor