UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 1:21-CR-0084-PLF |
| v. : | |
| : | |
| DANIEL PAGE ADAMS : | |
| : | |
| Defendant. : | |

### OPPOSITION TO DEFENDANT'S MOTION
### TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through undersigned counsel, respectfully requests that this Court deny the defendant's motion to modify his release conditions to go on a Royal Caribbean cruise with two ports of call in Mexico.

### Charges

Daniel Paige Adams ("Adams") is charged in this case with multiple felonies and misdemeanors: 18 U.S.C. § 231(a)(3) (Civil Disorder); 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of Congress); 18 U.S.C. § 111(a)(1) (Assaulting Federal Officers); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building); 18 U.S.C. § 1752(a)(1) and (2) (Disorderly and Disruptive Conduct in a Restricted Building); 40 U.S.C. § 5104(e)(2)(D) (Violent Entry and Disorderly Conduct in a Capitol Building); 40 U.S.C. § 5104(e)(2)(E) (Impeding Passage Through the Capitol Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

### Facts

In addition to the summary below, the government relies on the facts of the Defendant's conduct during the attack on the U.S. Capitol set forth in several prior filings. *See* ECF 12

(Memorandum in Support of Pretrial Detention); ECF 23 (Opposition to Defendant's Appeal to Pretrial Detection); ECF 65 (Government's Opposition to Modification of Release Conditions).

On January 6, 2021, Adams acted as one of the leaders of the mob. Adams and his co-defendant were at the head of a group of rioters who charged up the northern stairs on the West Front of the Capitol and confronted a line of Capitol Police officers. At that critical juncture, Adams began shouting to other rioters: "Let's go! Are you ready to push?" Adams then pushed his body against the officers' shields while continuing to rally the crowd by shouting "Let's go! Let's go!" The officers retreated up the stairs and reformed a line of defense, but Adams again led the charge by shouting commands to the crowd and breaching the line after mustering the crowd. Adams's assault against officers is captured on U.S. Capitol surveillance, and additionally, Adams recorded the assault himself

Having broken through two lines of officers, and with blood trickling down his head from his confrontations, Adams joined the rioters at the Senate Wing Door. Rioters breached that door moments later, and Adams was one of the first rioters to enter the Capitol. Inside, Adams continued shouting: "This is the Capitol building. This is my house. This is my house."

## Procedural History

On January 16, 2021, the Defendant was arrested in Texas. On February 11, 2021, the Defendant had his initial appearance before Magistrate Judge Zia M. Faruqui in Washington, D.C. On February 16, Judge Faruqui ordered the Defendant detained. Judge Faruqui found that the Defendant's leadership role on January 6, 2021, the strength of the government's case, and the Defendant's stated doubts about the legitimacy of the United States government demonstrated that "there are no conditions or combination of conditions that could prevent Mr. Adams from engaging in repeat insurrectionist and obstructionist conduct." ECF 18 at 4.

On April 9, 2021, the Defendant appealed Judge Faruqui's detention decision to this Court, which granted the Defendant's request for pre-trial release subject to a number of conditions, including that the Defendant must not possess any weapons and "may only travel within 150 miles of his home." ECF 28 at 2. On October 24, 2022, the Defendant moved to have this Court modify his conditions of release such that he could possess a weapon to go bowhunting. ECF 64. The government opposed and the Court denied the Defendant's request. ECF 65 and ECF 66.

## Argument

### Applicable Authority

Under the Bail Reform Act, if a judicial officer determines that release under two standard conditions (not committing crimes and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1). In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(c)(1)(B).

In determining appropriate condition of release, the judicial officer considers (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release. 18 U.S.C. § 3142(g) ("there 3142(g) factors"). The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

**Adams' Motion for Modification Should be Denied**

Adams is already subject to the least restrictive combination of conditions necessary to assure his return to court. 18 U.S.C. § 3142(c)(1)(B). He is not on home detention, curfew, or GPS monitoring. Adams needs only to make weekly check-ins with Pre-Trial Services and comply with minor travel restrictions, including a prohibition on travel further than 150 miles from his home. ECF 28.

<u>The Section 3142(g) Factors Weigh Against<br>Permitting the Defendant to Travel Outside the United States</u>

The 3142(g) factors weigh strongly against permitting Adams to face a situation where he need only walk down a gangway to enter another country. Adams is charged with three felonies and five misdemeanors stemming from his conduct during the January 6 riot. Among these are assaults of police officers who were actively trying to defend the Capitol against the very mob that Adams led. Adams rallied the crowd on two occasions and functioned as the tip of the mob's riotous spear. Through his offenses, Adams has demonstrated a profound disrespect for the rule of law, and the nature of his offenses suggest that Adams would pose a risk of flight if he were given the opportunity to take a cruise which will dock, twice, in Mexico.

The weight of the evidence against Adams is extremely strong. Adams recorded himself during his assault against the officers on the stairs and was also captured on Capitol CCTV surveillance. Inside the Capitol, and a mere forty seconds after the first breach, he filmed himself chanting: "This is the Capitol building. This is my house. This is my house." His passage through the Senate Wing Door is also captured on video surveillance. The overwhelming weight of the evidence thus also supports maintaining the condition that Adams not travel more than 150 miles from his home, much less outside of the United States.

Adams does not have a significant criminal history, but his conduct at the Capitol on January 6 strongly weighs against allowing this travel. On January 6, Adams showed himself to be a leader of violent criminal activity. Permitting him to come within mere steps of another country, while partaking in a cruise in international waters, presents a grave risk that he will abscond.

Finally, Adams' risk of flight poses a danger to both the American and Mexican communities. Adams not only participated in a violent riot but helped lead it up the stairs of the United States Capitol. He led an assault against police officers during a key moment that allowed rioters to breach the Capitol building. It is difficult to conceive of someone who poses a greater threat to the community than someone who would readily assault police officers to stop the peaceful transfer of power between presidential administrations.

**CONCLUSION**

In his order permitting the Defendant to be released subject to specific conditions, this Court ordered that the Defendant "may only travel *within 150 miles of his home*." ECF 28 (emphasis added). These travel restrictions were put in place to assure the Defendant's return to court. Permitting him to travel well beyond that distance, and to a port in Mexico, would present a clear opportunity for the Defendant to flee. As such, the Defendant's motion for modification be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Sean P. McCauley*
Sean P. McCauley
New York Bar No. 5600523
Assistant United States Attorney
601 D Street NW
Washington, DC 20579
(202) 252-1897
Sean.McCauley@usdoj.gov

*/s/ Christopher D. Amore*
Christopher D. Amore
New York Bar No. 5032883
Assistant United States Attorney
Capitol Siege Detailee
601 D Street NW
Washington, DC 20579
(973) 645-2757
Christopher.Amore@usdoj.gov

6