## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal. No. 21-84 (PLF)** |
|  | ) |  |
| **v.** | ) |  |
|  | ) |  |
| **CODY PAGE CARTER CONNELL, and** | ) |  |
| **DANIEL PAGE ADAMS,** | ) |  |
|  | ) |  |
| **Defendants** | ) |  |

## DEFENDANTS' REPLY RE:
## MOTION TO STAY SENTENCING PENDING SUPREME
## COURT'S RESOLUTION OF *FISCHER v. UNITED STATES*

Cody Connell and Daniel Adams, through counsel, submit this reply to the government's opposition to their Motion to Stay Sentencing in this matter until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

The question before the Supreme Court in *Fischer* directly impacts the validity of the most serious charge in this case.  That charge drives the calculation of the applicable guideline range in the Pre-Sentence Investigation Report.  Specifically, the question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023). If the Supreme Court answers this question in the affirmative, the convictions on the lead charge in this case would be invalidated and the sentencing guidelines calculations set forth in the Presentence Investigation Report

would be dramatically altered.  Proceeding to sentencing when this crucial issue is undecided would be unwise and could well require a return to court for resentencing in the near future. Both defendants are out of custody, working, and abiding by all pretrial release conditions. Other judges in this District have agreed that there is no reason to rush to sentencing under these circumstances. *See, e.g.*, *United States v. Seitz*, No. 21-279-DLF (12/22/23 Minute Order staying sentencing until issuance of opinion in *Fischer*); *United States v. Caldwell*, No. 22-15-APM (12/18/23 Minute Order staying sentencing).

Each of the *Hilton v. Braunskill* factors support staying the sentencing in this matter. 481 U.S. 770, 776 (1987). First, the defendants have made a strong showing of likelihood of success on the merits. The D.C. Circuit's opinion reversing a district judge's reasoned opinion that Section 1512(c) does not cover conduct of Mr. Adams, Mr. Connell, and other January 6 defendants was not unanimous. One judge dissented and one judge issued a concurrence. The Supreme Court has granted certiorari notwithstanding the absence of a circuit split. *See* Brief for U.S. in Opp. to Writ of Cert, https://t.ly/8Vgds, at 18 (explaining that "the decision below does not conflict with the decision of any other court of appeals."). Thus, there is good reason to believe that the Justice Department's novel and overreaching application of the obstruction statute will be overturned. The government – in one sentence – suggests that "it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendants' conviction in this case." But it has failed to explain what it believes distinguishes the defendants' convictions from Mr. Fischer's. *Fischer* arises from a motion to dismiss Mr. Fischer's indictment—which, as to the section 1512 charge, raised the same issues as defendants' motion (ECF No. 77).

Second, if Mr. Adams and Mr. Connell are sentenced under the obstruction guidelines and begin serving a sentence, they will be irreparably injured. The guideline calculations in the Presentence Investigation Report and the government's sentencing memorandum would call for a sentence on the § 1512 count that is nearly double the sentence for the other counts of conviction.  (Total adjusted offense level of 22 for the § 1512 count as opposed to 17 for the other counts.)  As the Court is no doubt aware, sentencing commences with a determination of the advisory guideline range. Sentencing should not proceed until there is clarity about what that advisory guideline range is. The defendants will otherwise be forced to argue for a reasonable sentence under 18 U.S.C. § 3553(a) while contending with an advisory guideline range that is – assuming *Fischer* is reversed – dramatically overblown.  The government's argument that Mr. Adams and Mr. Connell should not be given an "unfair advantage" over defendants who were sentenced on § 1512 charges prior to the certiorari grant in *Fischer* is not compelling.  Courts in those cases proceeded to sentencing because there was no clear basis at that time to believe that the § 1512 conviction could be invalidated.  Circumstances are now much different.

Third, the issuance of stay until the end of the Supreme Court's term in June will not substantially injure any party. To the contrary, a stay will serve judicial economy.  If Mr. Adams and Mr. Connell begin serving a sentence and *Fischer* is overturned, under the sentencing-packaging doctrine, the sentence for all offenses will be vacated. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). The defendants will seek release and the parties will re-litigate sentencing. If a prison sentence has already been imposed at that point and the defendants are not released, the Marshal Service will be required to arrange

transport for both defendants from distant facilities (both defendants would be seeking designation to facilities close to their homes in Texas and Louisiana) and such transport would necessarily require their movement over a period of several days, if not weeks, with multiple stops on the way at different local jails and detention facilities. This inefficient result could be avoided by a relatively brief stay of the sentencing hearing. Indeed, the government's suggestion that bond pending appeal avoids the harm of going forward entirely fails to account for the inefficiencies created by such a procedure. First, the parties will have to litigate the propriety of such bond. Second, if *Fischer* goes the defendants' way, the parties will have to relitigate the sentence entirely. Hitting pause avoids these inefficiencies.

Finally, both defendants are gainfully employed and compliant with all conditions of release. Mr. Connell cares for his young daughter when he is not working. The public will not be harmed by a stay. To the contrary, a stay will serve the public interest because it will conserve judicial resources and provide certainty about the sentence. The government's proposed approach involves proceeding to sentencing with all involved recognizing that a crucial issue with significant ramifications on the ultimate sentencing decision is close to being resolved by the Supreme Court. The government suggests that this Court impose a sentence and articulate how its sentence might be different depending on the outcome in *Fischer*. All of this confusion and sentencing in the alternative by hypothetical can be avoided through the simple approach of waiting a handful of months for this issue to be resolved once and for all.

For the reasons herein and any others that appear to the Court, Mr. Adams and Mr. Connell respectfully move to stay their sentencing hearing until such time that the Supreme Court has resolved the issue presented in *United States v. Fischer*.

Respectfully submitted,


_____/s/_____
Ned Smock
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
Counsel for Defendant Connell



_____/s/_____
GARY E. PROCTOR
8 E. Mulberry Street
Baltimore, MD 21202
(410) 444-1500
Counsel for Defendant Adams