UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 1:21-CR-0084-PLF |
| v. : | |
| : | |
| DANIEL PAGE ADAMS : | |
| : | |
| Defendant. : | |

OPPOSITION TO DEFENDANT'S MOTION
TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through undersigned counsel, respectfully requests that this Court deny the defendant's motion to modify his release conditions to go on a Caribbean cruise with a port of call in Cozumel, Mexico.

## Charges

Daniel Paige Adams (hereinafter, "the Defendant") has been convicted of multiple felonies and misdemeanors: 18 U.S.C. § 231(a)(3) (Civil Disorder); 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of Congress); 18 U.S.C. § 111(a)(1) (Assaulting Federal Officers); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building); 18 U.S.C. § 1752(a)(1) and (2) (Disorderly and Disruptive Conduct in a Restricted Building); 40 U.S.C. § 5104(e)(2)(D) (Violent Entry and Disorderly Conduct in a Capitol Building); 40 U.S.C. § 5104(e)(2)(E) (Impeding Passage Through the Capitol Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

## Facts

In addition to the brief summary below, the Government relies on the facts of the Defendant's conduct during the attack on the U.S. Capitol set forth in several prior filings. *See* ECF 12 (Memorandum in Support of Pretrial Detention); ECF 23 (Opposition to Defendant's

Appeal to Pretrial Detention); ECF 64 (Government's Opposition to Modification of Release Conditions to Allow Bow Hunting) (11/10/2022); ECF 75 (Government's Opposition to Modification of Conditions of Release to Permit the Defendant to Participate in a Cruise) (3/23/2023); ECF 100 (Statement of Facts for Stipulated Trial); ECF 110 (Government's Sentencing Memorandum).

On January 6, 2021, the Defendant acted as one of the many leaders of the mob. The Defendant and his co-defendant were at the head of a group of rioters who charged up the Northwest Stairs on the West Front of the Capitol and confronted a line of Capitol Police officers. At that critical juncture, the Defendant began shouting to other rioters: "Let's go! Are you ready to push?" The Defendant then pushed his body against the officers' shields while continuing to rally the crowd by shouting "Let's go! Let's go!" The officers retreated up the stairs and reformed a line of defense, but Adams again breached the line. The Defendant's assault against officers is captured on surveillance and in his self-recorded video. The Defendant then entered the Senate Wing Door of the United States Capitol after cheering on other members of the mob as they smashed their way into the building. The Defendant was one of the first rioters to enter the Capitol. Inside, the Defendant continued shouting: "This is the Capitol building. This is my house. This is my house." The Defendant extensively posted his exploits at the Capitol to social media.

## Procedural History

On January 16, 2021, the Defendant was arrested in Texas. On February 11, 2021, he had his initial appearance before Magistrate Judge Zia M. Faruqui in Washington, D.C. On February 16, Judge Faruqui ordered the Defendant detained. Judge Faruqui initially found that the Defendant's leadership role on January 6, 2021, the strength of the government's case, and the Defendant's stated doubts about the legitimacy of the United States government demonstrated that

"there are no conditions or combination of conditions that could prevent [the Defendant] from engaging in repeat insurrectionist and obstructionist conduct." ECF 18 at 4.

On April 9, 2021, upon review of his detention status, he was released subject to conditions, including that he must not possess any weapons and "may only travel within 150 miles of his home." ECF 28 at 2. On October 24, 2022, the Defendant moved to have this Court modify his conditions of release such that he could possess a weapon to go bowhunting. ECF 64. The government opposed and the Court denied the Defendant's request. ECF 65 and ECF 66. On March 14, 2023, the Defendant again moved to modify his conditions of release to permit him to go on a cruise. The Government again opposed and the Court again denied the Defendant's request. ECF 75 and ECF 76.

On July 17, 2023, the Government filed a Third Superseding Information charging the defendant with the same counts listed above. ECF 93. On July 28, 2023, the Defendant was found guilty on all counts on the Third Superseding Information by this Court. ECF 95.

### Argument

This is the Defendant's third motion to modify his conditions of release and his second motion to modify the conditions to permit him to go on a cruise. As it has repeatedly in the past, the government is opposed to a modification of his conditions. The Court should, as it has twice now, deny the Defendant's request. Other judges in this District faced with similar requests have also appropriately denied them. *See United States v. Anthony Williams*, 21-cr-377 (BAH) (Minute Order, 1/6/2022) (denying a defendant's motion to go on a cruise because he had "surrendered his entitlement to unfettered international travel" by participating in the January 6 riot at the Capitol).

3

The Government twice set forth how the Section 3142(g) factors weigh heavily against modifying the Defendant's conditions of release, including previously considering those factors as they pertain to a potential modification of his conditions of release to permit him to go on a cruise with a port of call in Mexico. ECF 75. Nothing has changed since the Defendant's most recent prior motion to permit him to go on a cruise that would disturb that balance in favor of permitting him to do so.

In fact, the only material change in circumstance that has happened since the Defendant's previous motion to modify his conditions is that he has now been found guilty on all counts of the indictment. This changed circumstance only further tips the scales in favor of not modifying the Defendant's conditions to permit him to go on a cruise in international waters with a foreign port of call. Since he has now been found guilty on all counts of the indictment, the controlling statute is 18 U.S.C. § 3143 ("the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence […] unless the judicial officers find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c)" (emphasis added).

The Defendant, under Section 3143, must show by clear and convincing evidence that he is not likely to flee or pose a danger to the community. The Defendant has failed to make this showing. He should receive no credit for the fact that he has not already fled to Mexico, *see* ECF 136 at ¶ 4, because doing so would be a separate criminal offense that, by statute, must be sentenced consecutively to his underlying convictions. *See* 18 U.S.C. § 3146(a)(1) and (2).

4

**Conclusion**

Prior to his conviction, this Court denied the Defendant's motion to permit him to go on a cruise "substantially for the reasons set forth in the government's opposition." ECF 76. The Defendant, now post-conviction, has failed to make the heightened showing that is required under 18 U.S.C. § 3143 to disturb this Court's prior determination about his risk of flight or potential danger to the community under 18 U.S.C. § 3142(g). The Defendant, facing a lengthy period of incarceration following his conviction, is not on home detention, curfew, or GPS monitoring. He needs only to make weekly check-ins with Pre-Trial Services and comply with minor travel restrictions. These limited conditions include that the Defendant not travel further than 150 miles from his home. ECF 28. The Court, as it has twice previously, should not modify these existing conditions and should thus deny the Defendant's motion to modify his conditions of release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   *s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov